## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### IN ADMIRALTY

### CASE NO. 24-cv-21628-JB

CANDYCE S. HOGLAN, as personal
representative of the Estate of Alice
Hoglan, *et al.*,

Plaintiffs,
v.

M/Y BLUEFINS, a 2001 Panamax oil tanker
(IMO 9221657), her boats, engines, generators,
tackle, rigging, apparel, furniture, furnishings,
equipment, contents and appurtenances thereto,
*in rem*,

Defendants.

_____/

### ORDER GRANTING IN PART AND DEFERRING IN PART PLAINTIFFS' EXPEDITED MOTION TO AUTHORIZE ALTERNATIVE SERVICE

**THIS CAUSE** is before the Court upon Plaintiffs' Expedited Motion to Authorize Alternative Service pursuant to Rule 4 of the Federal Rules of Civil Procedure (the "Motion"). ECF No. [24]. Upon due consideration of the Motion and supporting evidentiary submissions, the pertinent portions of the record, and the relevant authorities, for the reasons explained below, the Motion is granted in part and deferred in part.

### I.    BACKGROUND

Plaintiffs are victims and family members of victims of the September 11, 2001 terrorist attacks. Plaintiffs previously obtained a final judgment against various defendants, including the Islamic Republic of Iran, the Iranian Revolutionary Guard

Corps ("IRGC"), and Hezbollah for the role they played in the September 11 attacks (the "Judgment"). ECF No. [1]. Plaintiffs brought this *in rem* action under Section 201(a) of the Terrorism Risk Insurance Act of 20022 ("TRIA") to execute upon the Judgment.

The operative pleading is Plaintiffs' Verified First Amended Complaint ("FAC"). ECF No. [24-1]. The Defendants are vessels, namely the M/V Bluefins, M/V B Luminosa, M/V Boceanica, M/V Bueno, M/V Adisa, and M/V Nolan ("Defendant Vessels"), which Plaintiffs allege are agencies or instrumentalities of Iran, the IRGC, and Hezbollah, and are blocked assets for purposes of TRIA, thereby subjecting them to execution in order to satisfy the Judgment. *Id.* The FAC alleges that the nominal owners and ship managers of the Defendant Vessels are certain annulled Marshall Islands corporations which, in turn, are owned, controlled and/or directed by Viktor Artemov and, thus, the Defendant Vessels are ultimately owned and/or controlled by Artemov. *Id.* at ¶¶ 10, 12–17.

In the Motion, Plaintiffs establish that Defendants are stateless vessels operating on the high seas, and request an order authorizing alternative service of any arrest warrants the Court may issue, as well as alternative service of the FAC. ECF No. [24-1]. Plaintiffs request that the Court authorize service upon the respective Defendant Vessels and ship masters via the Vessel's Inmarsat phone number, which Plaintiffs' counsel will provide to the U.S. Marshal. *Id.* at 26. Plaintiffs further request that the Court authorize service upon Artemov via his Telegram Messenger account at the address that Plaintiff's counsel will provide the

Marshal.  *Id.*  Plaintiffs also request that the Court authorize service via registered mail on the Trust Company of the Marshall Islands, Inc. and via personal delivery on the Attorney General of the Marshall Islands.  *Id.* at 27.  Finally, Plaintiffs request that the Court authorize service via publication notice.  *Id.* at 29.  Plaintiff contends that electronic service by these means is sufficient to provide notice to the appropriate interested parties.

Federal Rule of Civil Procedure Rule 4(f) outlines the proper means of service upon an individual in a foreign country, including service "by other means not prohibited by international agreement as the court orders."  Fed. R. Civ. P. 4(f)(3). Federal Rule of Civil Procedure Rule 4(h) outlines the proper means of service upon foreign corporations, including "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).   An alternative method of service under Rule 4(f)(3) is available without first attempting service by other means. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002).

"[T]he decision whether to allow alternate methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Int'l Watchman, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-cv-24034, 2022 WL 18957626, at *1 (S.D. Fla. Dec. 14, 2022) (quotation marks and citation omitted). "In exercising its discretion under Rule 4(f)(3), the Court is limited to approving a method of service that fulfills due process requirements.

3

Constitutional due process requires that service of process provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Chanel, Inc. v. Lin*, No. 08-cv-23490, 2009 WL 1034627, at *2 (S.D. Fla. Apr. 16, 2009) (quotation marks and citation omitted).

There is no indication that electronic service via Inmarsat phone number or Telegram Messenger is prohibited by an applicable international agreement.[1] Indeed, even where an international agreement such as the Hague Convention applies, absent an express objection by a signatory nation,[2] "service by e-mail, social media messaging, and publication on a designated website does not violate an international agreement." *Birmingham v. Doe*, 593 F. Supp.3d 1151, 1159 (S.D. Fla. 2022) (citation omitted).

Further, the foregoing methods of service are reasonably calculated to give notice of this action to the appropriate interested parties. In particular, Plaintiffs' expert explains in his Declaration that Inmarsat operates a global mobile satellite communications system which, among other things, provides internet access to

---

[1] The Hague Convention does not apply here because Artemov's address is not known. *See Int'l Watchman, Inc.*, 2022 WL 18957626, at *1 ("Article 1 of the Hague Service Convention provides that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.'").

[2] Even where a signatory nation to the Hague Convention has objected to an alternative means of service, that objection is limited to those specific means and does not represent an objection to other forms of service, such e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to one means of service under the Hague Convention "does not equate to an express objection" to other means of service).

maritime shipping vessels such as the Defendant Vessels.  ECF No. [24-2] at 4, n.2.
Plaintiff's expert also explains that all vessels using the Inmarsat system are given a
digital phone number that is used to initiate and receive voice and data
communications, and he confirmed that "[b]y using the Tanker Defendants' Inmarsat
numbers, Plaintiff can transmit to each of the vessels the summons, complaint, and
any other documents required by the Court."  *Id*.  In addition, Plaintiff's expert
obtained the Inmarsat phone numbers for each of the Defendant Vessels from a
reliable source. *Id*. at 8.

With respect to Telegram Messenger, Plaintiff's expert obtained Artemov's
Telegram account address from shipping agents and brokers in the Greek shipping
industry who have provided accurate information to Plaintiff's expert in the past.  *Id*.
at 7.  Those shipping and brokers confirmed to Plaintiff's expert that Artemov is
actively using his Telegram account address to manage ships that he controls.  *Id*. at
8.

In short, Plaintiffs have demonstrated that service by Inmarsat phone
numbers and Telegram Messenger are known and valid forms of electronic contact
under the circumstances present here.  Accordingly, the Court readily concludes that
alternative service on each of the Defendant Vessels and their respective ship master
via the Vessels' respective Inmarsat phone number, and alternative service on
Artemov via his Telegram account, does not offend due process, and is reasonably
calculated to apprise them of the pendency of this action and allow them the
opportunity to present any objections.  *See e.g., S.A.S. Jean Cassegrain v.*

*accessoiresnet.info*, 2017 WL 10742773, at *2 (S.D. Fla. Sept. 27, 2017) (permitting service by email); *Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp.3d 1357, 1365 (S.D. Fla. 2015) (same); *adidas AG v. Individuals Identified on Schedule "A*," 2019 WL 9595881, at *2 (S.D. Fla. Dec. 27, 2019) (authorizing service by "private messaging applications," including Telegram); *Williams v. Doe*, 2021 WL 5814279, at *2 (W.D. Mo. Dec. 7, 2021) (authorizing service by WhatsApp).

Plaintiffs also request permission to serve the nominal owners and managers of Defendants via registered mail on the Trust Company of the Marshall Islands, Inc. as the registered agent of these entities, and personal service on the Attorney General of the Marshall Islands.  ECF No. [24-1] at 27.  Plaintiffs further ask the Court to approve alternative service by publication.  *Id.* at 29.  The record is not complete with respect to these forms of alternative service.  *See* ECF No. [26] *Paperless Order* dated September 9, 2025.   As such, the Court defers ruling on this aspect of the Motion until the record is more fully developed.

For the foregoing reasons, the Court will exercise its discretion to allow electronic service on the Defendant Vessels and their respective ship master through the Vessels' respective Inmarsat phone number, and electronic service on Artemov through his Telegram account.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Expedited Motion to Authorize Alternative Service, ECF No. [24], is **GRANTED IN PART AND DEFERRED IN PART** as set forth herein.  Plaintiffs' counsel shall provide the operative Inmarsat phone numbers and Telegram account address to the U.S.

Marshal, and Plaintiff shall promptly file proof of service once service has been effectuated.

     **DONE AND ORDERED** in Miami, Florida this 11th day of September, 2025.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**